**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES GANDY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1883 |
| | § | |
| DANIEL BURTON, Trustee, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff James Gandy sued Defendant Daniel Burton, Trustee, for contractual indemnity for a lawsuit filed against Gandy in Texas state court. The case is now before the Court on Defendant's Motion for Leave to File First Amended Answer [Doc. # 14], to which Plaintiff filed a Response [Doc. # 16]. Burton notes that its Original Answer [Doc. # 2] contains only a general denial of conditions precedent. Burton now seeks to amend his answer to assert Gandy's alleged failure to give timely notice under the indemnity contract as the specific unsatisfied condition precedent. There is not yet a deadline for amendments to pleadings.

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort*

*James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

The Court finds no indication of undue delay, bad faith, or dilatory motive on Burton's part. This is the first requested amendment, so there is no failure to cure deficiencies in prior amendments. The case is in the very early stages and the amendment will cause minimal prejudice, if any, to Gandy. Gandy argues that the amendment would be futile because Burton suffered no prejudice as a result of the lengthy delay in providing written notice under the indemnity agreement. That issue,

however, is a fact intensive one and not an adequate basis on which to deny leave to amend. As a result, it is hereby

**ORDERED** that Burton's Motion for Leave to File First Amended Answer [Doc. # 14] is **GRANTED**. Counsel for Burton is directed to file the First Amended Answer as a separate docket entry.

SIGNED at Houston, Texas this 24th day of **October, 2012**.

Nancy F. Atlas
United States District Judge