IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES GANDY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1883 |
| | § | |
| DANIEL BURTON, Trustee, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff James Gandy sued Defendant Daniel Burton, Trustee, for contractual indemnity for a lawsuit filed against Gandy in Texas state court. The case is now before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion") [Doc. # 11], to which Defendant filed a Response [Doc. # 12], and Plaintiff filed a Reply. Having carefully reviewed the full record and applied governing legal authorities, the Court **denies** the Motion.

## I.  BACKGROUND

In May 2007, American General Life Insurance Company ("American General") issued two insurance policies insuring the life of William G. Thames, Sr. to Defendant, as Trustee of The William G. Thames Irrevocable Trust. Shortly thereafter, Defendant and American General agreed to convert the two policies to a different insurance policy form. In the Fall of 2008, Defendant and American General

agreed to convert the two policies back to the original form. In connection with this reformation of the policies back to the original form, American General infused additional cash into the policies and Defendant signed an Indemnity Agreement as to each policy. In the Indemnity Agreements, the Trust agrees to indemnify and defend certain parties, including American General and Plaintiff, from and against any claims asserted "in connection with" American General's issuance and reformation of the life insurance policies which results in a claim by or on behalf of "an interested party" in the policies. *See* Indemnity Agreements, Exhs. A and B to Motion, ¶ 1. The Indemnity Agreements provide further that a condition precedent to a party's right to be indemnified is that the party give "notice in writing as soon as practicable of any claim" for which the party seeks indemnification. *See id.*

Plaintiff is an agent of American General under an Agent Contract, which provides that Plaintiff agrees to repay to American General any unearned commissions. At the time of the reformation of the Thames policies, Plaintiff entered into a Special Commission Agreement ("SCA") with American General. The SCA provided that if the insurance policies insuring Thames's life were terminated for any reason before "new policy year five," Plaintiff would be required to refund to American General all or a portion of the first year commissions paid to him based on the policies.

Defendant surrendered the policies in 2010. Plaintiff refused to refund the commissions to American General, and American General sued Plaintiff in Texas state court. American General asserted that Gandy breached both the Agent Contract and the SCA.

Plaintiff then filed this declaratory judgment action, seeking a declaration that Defendant owes him a defense and indemnity under the Indemnity Agreements. Plaintiff has filed his Motion for Partial Summary Judgment, which has been fully briefed and is now ripe for decision.

## II.  ANALYSIS

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d

272, 278 (5th Cir. 2004)).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

In this case, Plaintiff has failed to demonstrate the absence of a genuine issue of material fact in connection with his claim for indemnity and a defense.  It is undisputed that Plaintiff failed to give written notice as required by the Indemnity Agreements until May 4, 2012, almost a full year after American General filed its lawsuit against Plaintiff on May 10, 2011.  There are genuine issues of material fact, however, whether Defendant was prejudiced by this delay such that the failure to comply with the notice requirement makes any indemnity obligations Defendant may have under the Indemnity Agreements unenforceable.  On this basis, the Court denies Plaintiff's Motion for Partial Summary Judgment.

Additionally, the Court cannot conclude on the current limited record that the Indemnity Agreements unambiguously provide indemnity by the Trustee to Gandy for claims by American General against Gandy.  In the state court lawsuit, American General sued its agent, Gandy, for breach of the Agent Contract and the SCA.  It is unclear at this stage whether the Trustee's agreement to indemnify American General and its agents covers claims *by* American General *against* its own agents in addition to claims against Plaintiff by third parties or the Trustee.  More specifically, it is not clear that the state court lawsuit involving two separate employment-related contracts

between American General and Plaintiff involves claims "in connection with" the Thames insurance policies. While the Agent Contract was in existence before the initial issuance and subsequent reformation of the Thames policies, the SCA apparently was entered into at the same time they reformed the policies the second time. At this juncture, also, the Court is not comfortable concluding whether or not American General is an "interested party" *vis-a-vis* the insurance policies for purposes of the Indemnity Agreements. There being material facts in dispute, summary judgment on the issue of Defendant's duty to defend and indemnify is denied.

The Court is not, however, holding that the Indemnity Agreements are ambiguous. The Court is simply unable to hold the Plaintiff's position is correct as a matter of law without discovery to augment the record relating to the circumstances surrounding the Indemnity Agreements, the SCA, and possibly any relevant industry practices.

### III.  CONCLUSION AND ORDER

Plaintiff has failed to demonstrate at this initial stage of the litigation that there are no genuine issues of material fact regarding his request for a declaratory judgment that Defendant owes him a duty to defend and indemnify under the Indemnity Agreements with regard to American General's claims against him under the SCA or Agent Contract. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 11] is **DENIED**. It is further

**ORDERED** that December 5, 2012, pretrial conference is rescheduled to **November 6, 2012, at 10:00 a.m.**

SIGNED at Houston, Texas this 30th day of **October, 2012**.

Nancy F. Atlas
United States District Judge